UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANNETTE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:21-cv-253 |
| vs. | ) |
| | ) |
| CASILO CONSULTING, LLC. | ) |
| DBA VECTOR SERVICES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action brought by Plaintiff, Annette Smith ("Smith"), by counsel, against Defendant Casilo Consulting DBA Vector Services, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, by engaging in sexual harassment and retaliation.

### I.   JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S. C.1331.  This action is being brought pursuant to Title VII.

2. This Court also has jurisdiction to grant injunctive and declaratory relief and award damages pursuant to 42 U.S.C. §2000e-5.

3. At all relevant times, the Plaintiff worked in Fort Wayne, (Allen County), Indiana.

4. Smith filed an EEOC Charge of Discrimination in October 2020.  On April 7, 2021, the EEOC issued a Dismissal and Notice of Right to Sue.  (Exhibit A).  Smith timely files this action within 90 days of her receipt of the Notice of Right to Sue.

5. All relevant events or omissions giving rise to this claim, occurred in Allen County, Indiana, within the jurisdiction of the U.S. District Court for the Northern District of Indiana, Fort Wayne Division.

## II.     PARTIES

6. Plaintiff Smith is a resident of Waynedale, Indiana, and was an "employee" as that term is defined in the applicable statute.

7. Defendant, at all relevant times, operated a construction and support services company, with work assignments in the Fort Wayne, Indiana, area, and are "employers" as that term is defined in the applicable statute.

## III.     FACTUAL ALLEGATIONS

8. Smith, an African-American woman, at all relevant times, maintained employment with Defendant as a Traffic Control employee (also known as a Construction Flagger).

9. Smith's duties included directing traffic flow at construction sites.

10. Smith performed her duties well and met Defendant's legitimate performance expectations.

11. At all relevant times, Smith was assigned to work sites in the Fort Wayne, Indiana area.

12. On or about July 7, 2020, Smith was sitting in a work truck with a male Vector employee.

13. The male employee offered to show Smith a picture of his dog.

14. Instead of showing Smith a picture of his dog, he showed her a picture of his penis.

15. Smith immediately informed the male employee that she was offended and upset by the photo.

16. Smith reported the incident to Defendant.

17. Based upon information and belief, the male employee was not disciplined, but simply told not to engage in similar behavior in the future.

18. After the sexual harassment, Smith was partnered with a new employee.

19. Shortly after her sexual harassment complaint, Smith was harassed by the same male employee when she was walking through the worksite.

20. On or about August 3, 2020, less than a month after Smith engaged in protected activity, she received a phone call informing her that she was being terminated.

21. Defendant terminated Smith because she complained of sexual harassment.

22. Smith has suffered, and continues to suffer, damages as a result of Defendant's unlawful conduct.

## IV-LEGAL ARGUMENTS

## COUNT I-VIOLATION OF TITLE VII-SEXUAL HARASSMENT

23. Plaintiff hereby incorporates by reference paragraphs 1-22.

24. Plaintiff was subjected to sexual harassment based on her sex.

25. The conduct Plaintiff was subjected to was severe or pervasive.

26. The sexual harassment was unwelcome.

27. Defendant failed to adequately address or remedy Plaintiff's complaints of sexual harassment.

28. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful conduct.

## COUNT II-VIOLATION OF TITLE VII-RETALIATION

29. Plaintiff hereby incorporates by reference paragraphs 1-28.

30. Plaintiff engaged in protected activity.

31. Plaintiff was terminated for engaging in protected activity.

32. Plaintiff has suffered and continues to suffer damages as a result of Defendant's unlawful conduct.

## PRAYER OR RELIEF

**WHEREFORE**, Plaintiff, Annette Smith, by counsel, does hereby request the following as relief:

a. Enter judgment in favor of Plaintiff,

b. Award lost wages, front pay, and associated benefits due to Defendant's unlawful conduct.

c. Provide injunctive relief enjoining Defendants from engaging in discrimination.

d. Award compensation for any and all damages suffered as a consequence of Defendant's unlawful actions.

e. Award compensatory damages for all past and future pecuniary losses, including emotional distress, inconvenience, and humiliation.

f. Award punitive and liquidated damages.

g. Award all costs and attorney's fees incurred as a result of pursuing this action.

h. Award pre- and post-judgment interest in all sums recoverable.

i. Award all other legal and/or equitable relief this Court deems just and proper.

Respectfully submitted,

*s/Robin C. Clay*

_____
Robin C. Clay, Attorney No. 22734-49
Curlin & Clay Law, Association of Attorneys
8510 Evergreen Ave Suite 200
Indianapolis, IN 46240
Tel: (317) 202-0301
Fax: (317) 282-0688
rclay@curlinclaylaw.com

*Attorney for Plaintiff*

## **DEMAND FOR JURY TRIAL**

**Plaintiff, by counsel, respectfully demands the Complaint and all triable issues be determined by a jury.**

Respectfully submitted,

*s/Robin C. Clay*

_____
Robin C. Clay, Attorney No. 22734-49
Curlin & Clay Law, Association of Attorneys
8510 Evergreen Ave Suite 200
Indianapolis, IN 46240
Tel: (317) 202-0301
Fax: (317) 282-0688
rclay@curlinclaylaw.com

*Attorney for Plaintiff*