UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANNETTE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:21-CV-253-HAB |
| | ) | |
| CASILO CONSULTING, LLC, | ) | |
| DBA VECTOR SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

After Defendant failed to appear or defend Plaintiff's discrimination suit, this Court entered default judgment in Plaintiff's favor. But just weeks later Defendant appeared and moved to set aside the judgment. (ECF No. 28) That motion is now fully briefed (ECF Nos. 29, 34, 35) and ready for ruling.

**I.    Factual and Procedural Background**

Plaintiff filed this claim in July 2021 claiming, generally, that she was sexually harassed while employed by Defendant and then terminated after she complained about the harassment. She moved for, and obtained, a clerk's entry of default in January 2022. Following a hearing and briefing, the Court entered a default judgment for Plaintiff in September 2022. The Court awarded additional attorney's fees three weeks later. In total, the Court awarded about $135,000.00 to Plaintiff.

Less than two months after the award of attorney's fees, Defendant appeared and moved to set aside the default judgment. Defendant presents a complicated series of unfortunate events that, it claims, resulted in it not being served with Plaintiff's suit. That series of events began in July 2020 when, unbeknownst to Defendant, its registered agent for service of process was

changed from Corporation Service Company ("CSC") to Tom Rowland at an address in Portage, Indiana. Neither Rowland nor the Portage address are linked to Defendant. The agent change was not authorized by Defendant, and Defendant did not receive notice of the change.

The change in agent was prompted, apparently, by the May 2020 sale by Defendant to a third party, Security Door, Inc., of several business names and associated phone numbers and internet domains. When Security Door tried to register the newly acquired business names with the Indiana Secretary of State its President, Bryce Pickering ("Pickering"), inadvertently made the change of registered agent for Defendant. The Portage address was Security Door's principal place of business and Tom Rowland, the new registered agent, was a former accountant for Security Door. Pickering was not authorized to change Defendant's registered agent and he did not notify Defendant of the change.

Plaintiff calls this series of events "illogical," and the Court somewhat agrees. Even so, the series of facts is also undisputed. What is also undisputed is that no one associated with Defendant signed the certified mail receipt for the lawsuit and that the lawsuit was never forwarded to Defendant. Indeed, when Defendant finally received notice of the lawsuit, via a demand letter sent to its corporate offices in Illinois after the entry of the default judgment, it immediately retained attorneys to appear and move to set aside the default judgment.

**II.      Legal Discussion**

Federal Rule of Civil Procedure 60(b)(1) provides that "[o]n a motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which places the burden on the moving party to show: (1) "good cause" for the default; (2) quick action

2

to correct the default; and (3) the existence of a meritorious defense to the original complaint. *Pretzel & Stouffer v. Imperial Adjusters*, 28 F.3d 42, 45 (7th Cir. 1994); *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). This standard was originally formulated to evaluate a district court's decision on a motion to vacate an entry of default under Rule 55(c) of the Federal Rules of Civ. Procedure, *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 185 (7th Cir. 1982), but was eventually applied to structure decisions involving motions to set aside default judgments under Rule 60(b). *Id*. at 187. *See also Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 250 (7th Cir. 1990). While the tests are identical under either Rule 55(c) or Rule 60(b), respect for the finality of judgments results in the application of the test under Rule 60(b) circumstances—where a default judgment has been entered—to be much more limited and stringent. *Breuer*, 687 F.2d at 187. This narrowness is achieved by interpreting the three-part standard under the language of Rule 60(b)(1) which, by its very terms, establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment. *North Cent. Ill. Laborer's Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 167 (7th Cir. 1988); *Ben Sager Chem. Int'l v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977).

Besides Rule 60(b)(1), Defendant also relies on 60(b)(4). This subsection allows a party to seek to set aside a judgment on the grounds that it is "void." When a party demonstrates that a judgment is void, here because, allegedly, there was no personal jurisdiction, "the trial court has no discretion and must grant appropriate Rule 60(b) relief. *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986). The Court will address each Rule in turn.

A. *The Judgment is not Void*

Valid service of process is a prerequisite to a district court's assertion of personal jurisdiction. *Omni Cap. Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 103 (1987). Valid service of process comprises more than actual notice; it requires a legal basis for holding the defendant susceptible to service of the summons and complaint. *Id*.

In federal question cases, the statute giving rise to the cause of action may prescribe rules for service of process upon nonresident corporations and associations. But in the absence of any such provision, service of process is governed by the law of the state in which the district court is located. Fed. R. Civ. P. 4(h), 4(e).5 "Thus, under Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service." *Omni Capital*, 484 U.S. at 105; *Dehmlow v. Austin Fireworks*, 963 F.2d 941, 945 (7th Cir. 1992); *United Rope Distrib's, Inc. v. Seatriumph Marine Corp.*, 930 F.2d 532, 535 (7th Cir. 1991). The federal courts are strictly bound in such cases by the letter of state law and are without authority to fill whatever interstitial gaps a given case may illuminate. *Omni Capital*, 484 U.S. at 108.

The parties identify no federal rule mandating process in a particular form, and the Court must therefore resort to Indiana law for service of process. Under Indiana Trial Rule 4.6, service upon a domestic or foreign organization may be effected by service upon "an agent appointed or deemed by law to have been appointed to receive service." Ind. T.R. 4.6(A)(1).

The Due Process Clause of the Fourteenth Amendment requires that service of process be reasonably calculated both to apprise a party of the pendency of an action and to provide it with an opportunity to respond. *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950). Indiana has codified this requirement in its rules of trial procedure:

> No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.

Ind. T.R. 4.15(F). Indiana courts employ an objective test in their service of process calculus: whether due process is satisfied depends on the form of service, not on whether the affected party was notified. *Glennar Mercury–Lincoln, Inc. v. Riley*, 338 N.E.2d 670, 675 (Ind. Ct. App. 1975). Service of process that is reasonably calculated to inform, consistent with the letter of Trial Rule 4.15(F), is sufficient even if it fails to inform the party to which it is directed. *See Buck v. P.J.T.*, 394 N.E.2d 935, 936 (Ind. Ct. App. 1979).

The parties do not dispute that Defendant was served at its registered agent for service of process as reflected by records maintained by the Indiana Secretary of State. The Court concludes, then, that Plaintiff strictly complied with Trial Rule 4.6(A)(1). At the very least, service to the registered agent for service of process "is reasonably calculated" to inform Defendant of the action. *Turner v. Buske Lines, Inc.*, Cause No. 1:06-CV-155-DFH, 2006 WL 566108, at *3 (S.D. Ind. Mar. 6, 2007). Defendant's authorities do nothing to shake this conclusion. *See Swiggett Lumber Const. Co., Inc. v. Quandt*, 806 N.E. 334 (Ind. Ct. App. 2004) (addressing "copy service" to a place of business"); *Robinson v. Turner*, 886 F. Supp. 1451 (S.D. Ind. 1995) (addressing whether prison mail room employees were agents for jail employees). The Court has personal jurisdiction over Defendant, and the case will not be dismissed under Rule 60(b)(4).

**B.**     ***Defendant has Shown Cause to Set Aside the Judgment***

Just because the judgment is valid does not mean that it cannot be set aside. As discussed below, the Court finds that Defendant has satisfied the requirements under Rule 60(b)(1).

**1.**     *Good Cause*

Nowhere in Plaintiff's opposition to the motion to set aside does she assert that Defendant's registered agent issues, if true, fail to establish good cause to set aside the default judgment. Instead, she questions Defendant's veracity. (ECF No. 34 at 2–5). But the Court finds nothing in the record that would show that Defendant's affidavits are perjurious, or that Defendant received notice of the lawsuit at any point before the demand letter sent by Plaintiff's counsel. Defendant, then, has established that it did not know about the lawsuit before the default, and the Court finds that lack of knowledge to be good cause. *See Wehrs v. Wells*, 688 F.3d 886, 890 (7th Cir. 2012) (good cause shown where the defendant's withdrawn counsel did not provide him the date by which he had to file a responsive pleading).

**2.**     *Quick Action*

Plaintiff next claims that Defendant has failed to show quick action, noting the 15-month delay between service and the motion to set aside. (ECF No. 34 at 5). But that is not the appropriate time frame. Instead, the relevant delay would be from the time Defendant learned about the default and its motion to set aside. *See Acosta v. DT & C Glob. Mgmt., LLC*, 874 F.3d 557, 561 (7th Cir. 2017). Here, that time is two days which is quick action under any definition.

**3.**     *Meritorious Defense*

To set aside a default judgment, "[a] meritorious defense need not, beyond a doubt, succeed in defeating a default judgment, but it must at least raise a serious question regarding the propriety of a default judgment and be supported by a developed legal and factual basis." *Wehrs*, 688 F.3d at 891 (quotation omitted). Defendant has offered several potentially meritorious defenses, including its quick action to address Plaintiff's sexual harassment claims, a legitimate, nondiscriminatory reason for Plaintiff's termination, and factual issues on Plaintiff's damages.

(*See* ECF No. 29 at 14–16). Plaintiff presents little to challenge these defenses, instead pointing to the default judgment as factual and legal support for her claims. (ECF No. 34 at 6). At this point, the Court concludes that Defendant should have a chance to develop its claimed defenses.

### III. Conclusion

For these reasons, Defendant's Motion to Vacate Default Judgment and for Leave to File Answer is GRANTED. The judgment (ECF No. 24) and order granting attorney's fees (ECF No. 26) are VACATED. Defendant is ORDERED to answer the complaint within 21 days of this Opinion and Order.

SO ORDERED on April 12, 2023.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT