UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANNETTE SMITH, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. 1:21-cv-00253-HAB-SLC |
| CASILO CONSULTING LLC, *doing business as Vector Services*, | ) ) ) ) |
|     Defendant. | ) |

## OPINION AND ORDER

Before the Court is a Joint Motion for Entry of a Stipulated Protective Order (ECF 53), seeking approval of a proposed stipulated protective order submitted by the parties pursuant to Federal Rule of Civil Procedure 26(c). (ECF 53-1). For the following reasons, the joint motion (ECF 53) will be denied without prejudice.

Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).[1] A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Ins. Co.*, 178 F.3d at 946; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order permits filing under seal without further court permission (ECF 53-1 § V.E), it requires a higher level of scrutiny.

broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

To begin, the proposed order is overbroad because it seeks to protect Defendant's personnel files and employment records, "which *include* personal identity information and personal financial information," and "research, technical, commercial or financial information that the party has maintained as confidential *including, but not limited to*, confidential policies, procedures, and/or proprietary information . . . ." (ECF 53-1 § 2 (emphasis added)). This language implies that protected information is not necessarily limited to the categories listed in the proposed order.

As to the protection of Defendant's personnel files and employment records, "not all information in an employee's personnel file is considered private." *Little v. Mitsubishi Motor Mfg. of Am., Inc.*, No. 04-1034, 2006 WL 1554317, at *4 (C.D. Ill. June 5, 2006). "Indeed, there is nothing confidential about an employee's job title, job description, hiring date, or work assignment and location." *Id.*; *see also Smith v. City of Chi.*, No. 04 C 2710, 2005 WL 3215572, at *2 (N.D. Ill. 2005). The parties "must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). While "many litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, . . . when these things are vital to claims made in litigation they must be revealed." *Baxter Int'l, Inc.*, 297 F.3d at 547; *see, e.g.*, *Brown v. Auto. Components Holdings, LLC*, No. 1:06-cv-1802-RLY-TAB, 2008 WL 2477588, at *1 (S.D. Ind. June 17, 2008) (denying leave to file the plaintiff's personnel and medical information under seal where the information was central to the case).

The proposed order also fails to set forth narrow, demarcated categories of legitimately confidential information. Defining protected information by using the general terms of "confidential," "commercial," or "proprietary" is rather vague. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). Therefore, the Court is not satisfied that the parties know what information constitutes protected material. *See Cincinnati Ins. Co.*, 178 F.3d at 946. Additionally, the Seventh Circuit Court of Appeals has repeatedly held that overly broad protective orders are invalid. *See, e.g.*, *id*. at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

For material to be protected as a trade secret, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Cook, Inc.*, 206 F.R.D. at 248; *see Zahran v. Trans Union Corp.*, No. 01 C 1700, 2002 WL 31010822, at *3 (N.D. Ill. Sept. 9, 2002). "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

Nor does the addition of the term "non-public" cure the problem. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly

3

available." *Cook, Inc.*, 206 F.R.D. at 249; *see Oliver v. Tyson Foods, Inc.*, No. 1:11-CV-120, 2012 WL 370265, at *2 (N.D. Ind. Feb. 3, 2012) ("[J]ust because a party does not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.").

Additionally, a protective order must be "explicit that either party and any interested member of the public can challenge the secreting of particular documents." *Cincinnati Ins. Co.*, 178 F.3d at 946. The proposed order, however, does not contain this language. "[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of judicial proceedings." *Id*. at 945. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets . . . and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citations omitted).

Finally, while the parties agree in Section VII.B. that the proposed order will remain in force after the termination of the suit, the Court is unwilling to enter a protective order that suggests it retain jurisdiction of any kind after resolution of the case. *See EEOC v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc*., No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

Accordingly, the parties' Joint Motion for Entry of a Stipulated Protective Order (ECF 53) is DENIED WITHOUT PREJUDICE. The parties may file a revised proposed protective order and motion consistent with this Order.

SO ORDERED.

Entered this 11th day of December 2023.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge